IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 17 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

MICHELLE R. SMITH, Ph.D.                                        PLAINTIFF

VS.                              CASE NO. 4:23-CV-__359-JM__

This case assigned to District Judge __Moody__
and to Magistrate Judge __Harris__

STATE BOARD OF HEALTH,
A Body Politic and Corporate and
ARKANSAS DEPARTMENT OF HEALTH,
A Body Politic and Corporate                                    DEFENDANTS

COMPLAINT

Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), in order to recover damages against the defendants for the unlawful discriminatory employment practices that the plaintiff Michelle R. Smith, Ph.D., has been subjected to all on account of her race. The plaintiff also brings this action against the defendant pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), seeking damages against the defendants due to retaliatory treatment that she was subjected to after having complained about discriminatory treatment and/or for opposing discriminatory practices. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

1

## I.
## Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

2.      The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in the County of Pulaski.

## II.
## Parties

3.      The plaintiff Michelle R. Smith, Ph.D., is an African American female, and is a resident of the United States of America.

4.      The defendant State Board of Health by statute has been entrusted *inter alia*, with the power to "make all necessary and reasonable rules of a general nature for the protection of the public health and safety...." *See* Ark. Code Ann. § 20-7-109. The State Board of Health is a body politic and corporate.

5.      Likewise, the defendant Arkansas Department of Health[1] by statute has been entrusted *inter alia*, with the power to "make all necessary and reasonable rules of a general nature for the protection of the public health and safety...." *See* Ark. Code Ann. § 20-7-109.

6.      The defendant State Board of Health is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

7.      The defendant Arkansas Department of Health is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

---

[1] From all indications, although not crystal clear, the State Board of Health and the Arkansas Department of Health are one in the same.

### III.
### Facts

8. Dr. Michelle R. Smith was formerly employed by the State Board of Health/Arkansas Department of Health.

9. Dr. Smith was initially hired by the State Board of Health/Arkansas Department of Health on or about December 20, 2010 as the Director of the Office Health Equity.

10. The Office of Health Equity, is a division within the State Board of Health/Arkansas Department of Health that serves a purpose "to help identify those unfair, avoidable and unjust health differences" between the races that exist within the State of Arkansas.

11. As the Director of the Office of Health Equity, Dr. Smith has been an advocate to ensure that those in the African American communities and the Latinx communities, and other underserved communities have equal access to quality healthcare.

12. Dr. Smith holds a master's in public health, and received her Ph.D. in Public Policy in 2005.

13. In her role as the Director of the Office of Health Equity (OHE), Dr. Smith often pointed out healthcare disparities that existed throughout the State of Arkansas.

14. Also in her role as the Director of OHE, Dr. Smith often pointed out the inequities that existed within the Arkansas Department of Health in relations to the treatment of African American employees.

15. Dr. Smith has also brought out to officials within the Arkansas Department of Health that there are pay inequities that exist within the Arkansas Department of Health (ADH), particularly as they exist between black and white employees who are similarly situated.

16. Dr. Smith has also voiced concerns to officials within the Arkansas Department of Health that the OHE, which is a majority black division within the health department, is the most

scrutinized department within the department of health, and that OHE was being held to a different standard than most departments.

17. During the COVID-19 pandemic, the disparities that existed between black and brown communities and the white communities were brought to the forefront.

18. Due to the health disparities that existed between blacks and whites, and due to poor healthcare, African Americans and Hispanics were the hardest hit by the Coronavirus.

19. In order to meet the emergency needs that the Coronavirus had created, the plaintiff established the Health Equity Strike Teams (HEST) in order to address the health disparities that exist within the black and brown communities in the fight against COVID-19.

20. African Americans and Hispanics died in disproportionate numbers due to the Coronavirus.[2]

21. According to the above-mentioned article, as of August 1, 2022, the infection rate for African Americans per 100,000 was 15,638.8, for Hispanics was 21,863.4, and for whites it was 14,858.4.

22. Also, the above-mentioned article mentioned that the death rate for African Americans due to COVID-19 was 441.9 per 100,000, for Hispanics was 466.00 per 100,000, and 268.5 per 100,000 for whites.

23. During the early part of the pandemic, the Centers for Disease Control (CDC) reported that African Americans accounted for 33% of the people who were hospitalized due to

---

[2] See Hill and Artiga, COVID-19 Cases and Deaths by Race/Ethnicity: Current Data and Changes Over Time, https://www.kff.org/coronavirus-covid-19/issue-brief/covid-19-cases-and-deaths-by-race-ethnicity-current-data-and-changes-over-time/

4

COVID-19, while only making up 13% of the United States population. Also, African Americans accounted for 34% of all COVID-19 deaths.[3]

24. Due to the healthcare crisis that America and the world were facing as a result of the Coronavirus, and in particular the disparities in healthcare borne out by the novel virus by race, healthcare officials were scrambling trying to address this crisis.

25. As director of the OHE, the plaintiff was sounding the alarm to her superiors, in trying to address the healthcare disparities that existed between the black and brown communities in relations to the white community.

26. Due to the disproportionate numbers that African Americans and Hispanics made up in the rates of infections and deaths, the plaintiff was working frantically in trying to address the healthcare disparities that existed.

27. Although African Americans represent 12.4% of the population of this country, only 9.3% were fully immunized. Also, Hispanics make up 17.2% of this country's population, but only 16.1% were fully immunized, especially during the first year when the COVID vaccines became available.

28. Dr. Smith serves in the United States Military, and is a member of the Arkansas National Guard.

29. Due to the efforts of Dr. Smith, the Arkansas Department of Health was awarded a $41,000,000.00 grant in the fight against COVID-19, and to address the health equities that exist in the State of Arkansas.

---

[3] See Aubrey, Who's Hit Hardest by COVID-19? Why Obesity, Stress and Race All Matter, https://www.npr.org/sections/health-shots/2020/04/18/835563340/whos-hit-hardest-by-covid-19-why-obesity-stress-and-race-all-matter.

5

30. The plaintiff also discovered that she was being paid less than her white counterparts, in particular to Meg Mirivel, a Caucasian female, who is the Director of the Office of Communications.

31. In an effort to address this pay disparity, the plaintiff requested that she be reclassified from her pay grade classification of GS12 to a GS13; however, the defendant failed to reclassify the plaintiff's position.

32. Dr. Smith went on military leave from October 1, 2021 and returned on or about November 9, 2021.

33. When Dr. Smith returned to the Arkansas Department of Health, she was called into a meeting, and was informed that she was being moved out of her office in the Office of Health Equity (OHE), and was now being moved into office of the Chief Financial Officer, where she would no longer have supervisory authority.

34. The move took the plaintiff out of the Senior Executive Team.

35. On November 23, 2021, the plaintiff was informed that her office – OHE will be subjected to an audit, which was unprecedented.

36. On or about January 10, 2022, the plaintiff received a copy of the audit, and was only given four (4) days to respond to the audit, which really was not an audit, but was an investigation that contained many allegations made against the plaintiff, which were either false or inaccurate.

37. None of the plaintiff's white counterparts within the Arkansas Department of Health had ever been subjected to this type of "audit", nor had they been subjected to the type of demeaning treatment that the plaintiff was subjected to.

38. On January 12, 2022, the plaintiff was told that she could not contact her staff, which was critical for the plaintiff being able to properly respond to allegations that had been made against her in the so called "audit."

39. Due to the move, the plaintiff was taken away from her staff in OHE, and was isolated from the leadership team, and away from others. In essence, the plaintiff was demoted in status, and was stripped of her responsibilities and duties as Director of the Office of Health Equity.

40. While working in her role as the Director of the Office of Health Equity one of the criticisms that Dr. Smith received was that she was "moving too fast," and that there was always a sense of urgency with her.

41. However, Dr. Smith was having to address the disparities that existed within the black and brown communities of not having access to the COVID vaccines, and not having access to information that was necessary to prevent serious health crisis and to save their lives.

42. Senior Management within the Arkansas Department of Health did not share the same sense of urgency that Dr. Michelle Smith had in seeing that the African American and Hispanic communities receive COVID-19 vaccines and vital information that was needed to reduce the health inequities that these communities were suffering during the COVID-19 pandemic.

43. The so called "audit" covered multiple topics, covering nineteen (19) pages in length, and contained grievances made by some of Dr. Smith's subordinates who were allowed to air their grievances against her.

44. Finally, after being subjected to retaliatory conduct and discriminatory treatment that made the plaintiff's work environment intolerable, the plaintiff was constructively discharged from her position when she resigned on August 26, 2022.

## IV.
## Title VII of the Civil Rights Act

45. The plaintiff incorporates by reference the allegations contained in paragraphs 1-44 of the plaintiff's complaint, and adopts each as if set out herein word for word.

46. The defendant has subjected the plaintiff to varied terms and conditions of her employment contract, all on account of her race, in violation of his rights as protected by Title VII of the Civil Rights Act of 1964 (as amended).

47. The defendant has subjected the plaintiff to disparate treatment on account of her race in violation of Title VII of the Civil Rights Act of 1964 (as amended), in that similarly situated white employees have been paid more than the plaintiff on account of their race.

48. Furthermore, the plaintiff has been held to a much higher standard in that she was subjected to an unwarranted "audit," which was really an investigation that was designed to tarnish the plaintiff's character, and smear her name, all in an effort to drive the plaintiff out of her position as the Director of the Office of Health Equity.

49. Also, the defendant has scrutinized the Office of Health Equity in a manner that no other office was held to, because this office was primarily staffed by African American employees, and was directed by an African American employee. The double standard that the defendant subjected the plaintiff to, on account of her race, violates Title VII of the Civil Rights Act of 1964 (as amended).

## V.
## Retaliation

50. The plaintiff incorporates by reference the allegations contained in paragraphs 1-49 of the plaintiff's complaint, and adopts each as if set out herein word for word.

51. In her role as the Director of the Office of Health Equity, the plaintiff advocated for equal access to medical treatment and medical information on behalf of the African American and Hispanic communities, often complaining about the discriminatory treatment that these marginalized communities received from the defendant.

52. Furthermore, in her role as the Director of Health Equity, often complained about the discriminatory treatment that African American employees were being subjected to in terms and conditions of their employment, in that they were being paid less than their white counterparts.

53. Due to the plaintiff having complained and/or opposed discriminatory practices, she has been the victim of retaliatory conduct by the defendant.

54. The plaintiff was subjected to an unwarranted investigation into her operations of the Office of Health Equity, partly in response to her complaints about discriminatory treatment.

55. Also, the plaintiff was subjected to having her office heavily scrutinized, in part due to her having opposed unlawful employment practices, and her advocacy on behalf of African American and Hispanic communities.

56. Also, in retaliation for having opposed discriminatory practices and having advocated for equal access to medical care and information, on behalf of African American and Hispanic communities, the plaintiff was retaliated against when she was moved from her office, taken out of her role as Director of the Office of Health Equity, and placed in isolation, being demoted in status.

57. The above-mentioned acts of retaliation were done all in an effort to punish the plaintiff for having opposed unlawful employment practices, and for advocating on behalf of black and brown communities, all in violation of Title VII of the Civil Rights Act of 1964 (as amended).

58.     The above-mentioned acts of retaliation were done in a manner as to dissuade others from complaining about discriminatory treatment.

## VI.
## Procedural Requirement

59.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 58, supra., inclusive as though set forth herein word for word.

60.     On March 3, 2022, the plaintiff filed a Charge of Discrimination (No. 493-2022-00698) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, when she was subjected to sexual harassment, and was later retaliated against for having complained about sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (as amended). **(See Charge of Discrimination attached herein as Plaintiff's Exhibit "A")**.

61.     In response to the plaintiff's Charge of Discrimination that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated January 27, 2023, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter.  **(A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B")**.

62.     The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Dismissal and Notice of Rights" letter.

## VII.
## Damages

63.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-62 of the plaintiff's complaint, and adopts each as if set out herein word for word.

64. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her race, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

65. Furthermore, due to the discriminatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

## JURY DEMAND

66. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices on account of her race;

b. reinstatement and back pay;

c. compensatory and punitive damages;

d. attorney's fees;

e. the cost of prosecuting this action;

f. and for all other equitable, legal, and just relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200

Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145

Dated this 17th day of April 2020.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 493-2022-00698 |

Not Applicable and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Dr. Michelle R. Smith | 501-258-5770 | |

Street Address
1012 Kierre Dr
NORTH LITTLE ROCK, AR 72116

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Arkansas Department of Health | 101 - 200 Employees | |

Street Address
4815 W MARKHAM ST
LITTLE ROCK, AR 72205

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Retaliation, Race | Earliest: 02/17/2021    Latest: 02/12/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired on 12/20/2010 as Office of Health Equity Director. In February 2021, I complained about race discrimination and retaliation. In October 2021, I requested a job classification change. I went on military leave from 10/1/22 through 11/2/21. Prior to leave for military duty, I had applied and approved for a 41-million-dollar grant for the department of health. I complained about pay disparity between black employees and white employees. On 11/9/21, when I returned to Arkansas, I was called to a meeting. I was asked what I thought about moving my office to the CFO area. I informed them that I was not interested in moving my office. I spoke about how Dr. Joycelyn Elders had created the office to be a voice for minority health. On 11/23/21, I was informed that my office would be audited. On 1/10/22, I received a copy of the audit. I was given 4 days to respond. I requested an extension so that I could respond to each allegation. On 1/12/22, I was told not to contact any staff. On 1/19/22, I was removed from all financial responsibilities. On 2/10/22, I received an email from Jo Thompson with the results of the findings. I was accused of not following the evaluation process for vendors and bidding process and obtaining quotes; not following the state procurement manual when securing low-cost contract value for contracting bids under 75,000, contracting with vendors prior to authorization, falsified documents of a vendor by submitting a signature from an old MOA, engaged in split purchasing to stay under a small order threshold. Human Resources asked, did I instruct

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Digitally Signed By: Dr. Michelle R. Smith<br>03/03/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

PLAINTIFF'S EXHIBIT
A

EEOC Form 5 (11/09)

|  | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 493-2022-00698 |

| Not Applicable | and EEOC |
|---|---|
| *State or local Agency, if any* | |

an employee to perform DJ duties at the Little Rock Air Force Base? On 2/12/22, I received an email that effective 2/14/22. I contacted Reggie Rogers and complained that this was a demotion. I believe I was subjected to different terms and conditions of employment and demoted because of my race, African American and retaliated against because of complained about race discrimination and pay disparity between black and white employees, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Dr. Michelle R. Smith**<br><br>03/03/2022<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Little Rock Area Office
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/27/2023

**To:** Dr. Michelle R. Smith
1012 Kierre Dr
NORTH LITTLE ROCK, AR 72116
Charge No: 493-2022-00698

EEOC Representative and email:    JOHNNY GLOVER
Investigator
johnny.glover@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 493-2022-00698.

On behalf of the Commission,

Digitally Signed By: Edmond Sims
01/27/2023
Edmond Sims
Acting District Director

PLAINTIFF'S EXHIBIT
B

Cc:
Sherri Simpson
Arkansas Department of Health
4815 West Markham St. Slot 26
Little Rock, AR 72205

Reginald A Rogers
Arkansas Department of Health
4815 W MARKHAM ST SLOT 31
Little Rock, AR 72205

Please retain this notice for your records.